IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ROBERTO RIVERA, | : | |
| | : | 1:11-cv-422 |
| Plaintiff, | : | |
| | : | Hon. John E. Jones III |
| v. | : | |
| | : | Hon. Martin C. Carlson |
| CATHERINE C. McVEY, *et al.*, | : | |
| | : | |
| Defendants. | : | |

## MEMORANDUM

### March 15, 2012

**THE BACKGROUND OF THIS MEMORANDUM IS AS FOLLOWS:**

This matter is before the Court on the Report and Recommendation ("R&R") of Magistrate Judge Martin C. Carlson (Doc. 37), filed on February 29, 2012, which recommends that the Defendants' Motion to Dismiss (Doc. 16) be granted and that this action be dismissed. *Pro se* Plaintiff Roberto Rivera ("Plaintiff" or "Rivera") filed objections to the R&R on March 14, 2012. (Doc. 38). Accordingly, this matter is ripe for our review. For the reasons set forth below, the Court will adopt the R&R in its entirety, grant the Defendants' Motion to Dismiss and close this case.

## I.     STANDARDS OF REVIEW

1

### A.      Review of Magistrate Judge's R&R

When objections are filed to the report of a magistrate judge, the district court makes a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objections are made.  28 U.S.C. § 636(b)(1); *United States v. Raddatz*, 447 U.S. 667, 674-75 (1980).  The court may accept, reject, or modify, in whole or in part, the magistrate judge's findings or recommendations.  *Id.*  Although the standard of review is *de novo*, 28 U.S.C. § 636(b)(1) permits whatever reliance the district court, in the exercise of sound discretion, chooses to place on a magistrate judge's proposed findings and recommendations.  *Raddatz*, 447 U.S. at 674-75; *see also Mathews v. Weber*, 423 U.S. 261, 275 (1976); *Goney v. Clark*, 749 F.2d 5, 7 (3d Cir. 1984).

### B.      Motion to Dismiss

In considering a motion to dismiss pursuant to Rule 12(b)(6), courts "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief."  *Phillips v. County of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008) (quoting *Pinker v. Roche Holdings, Ltd.*, 292 F.3d 361, 374 n.7 (3d Cir. 2002)).  In resolving a motion to dismiss pursuant to Rule 12(b)(6), a court generally should consider only the allegations in the complaint, as well as

2

"documents that are attached to or submitted with the complaint, . . . and any matters incorporated by reference or integral to the claim, items subject to judicial notice, matters of public record, orders, [and] items appearing in the record of the case." *Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006).

A Rule 12(b)(6) motion tests the sufficiency of the complaint against the pleading requirements of Rule 8(a).  Rule 8(a)(2) requires that a complaint contain a short and plain statement of the claim showing that the pleader is entitled to relief, "in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).  While a complaint attacked by a Rule 12(b)(6) motion to dismiss need not contain detailed factual allegations, it must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, --- U.S. ---, ---, 129 S. Ct. 1937, 1949 (2009).  To survive a motion to dismiss, a civil plaintiff must allege facts that 'raise a right to relief above the speculative level . . . ." *Victaulic Co. v. Tieman*, 499 F.3d 227, 235 (3d Cir. 2007) (quoting *Twombly*, 550 U.S. at 555).  Accordingly, to satisfy the plausibility standard, the complaint must indicate that defendant's liability is more than "a sheer possibility." *Iqbal*, 129 S.Ct. At 1949.  "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it

3

'stops short of the line between possibility and plausibility of entitlement to relief.'"
*Id.* (quoting *Twombly*, 550 U.S. at 557).

Under the two-pronged approach articulated in *Twombly* and later formalized
in *Iqbal*, a district court must first identify all factual allegations that constitute
nothing more than "legal conclusions" or "naked assertions."  *Twombly*, 550 U.S. at
555, 557.  Such allegations are "not entitled to the assumption of truth" and must be
disregarded for purposes of resolving a 12(b)(6) motion to dismiss.  *Iqbal*, 129 S.Ct.
at 1950.  Next, the district court must identify "the 'nub' of the . . . complaint – the
well-pleaded, nonconclusory factual allegation[s]."  *Id.*  Taking these allegations as
true, the district judge must then determine whether the complaint states a plausible
claim for relief.  *See id.*

However, "a complaint may not be dismissed merely because it appears
unlikely that the plaintiff can prove those facts or will ultimately prevail on the
merits."  *Phillips*, 515 F.3d at 231 (citing *Twombly*, 127 S.Ct. 1964-65, 1969 n.8).
Rule 8 "does not impose a probability requirement at the pleading stage, but instead
simply calls for enough facts to raise a reasonable expectation that discovery will
reveal evidence of the necessary element."  *Id.* at 234.

## II.   BACKGROUND

Plaintiff, a state prisoner proceeding *pro se*, first commenced this action by filing a complaint on March 4, 2011.  (Doc. 1).  In this complaint, Rivera alleges that he had been paroled to the Harrisburg Community Corrections Center in March of 2009.  Shortly after his parole to this facility, Rivera became embroiled in a dispute with staff regarding his alleged failure to attend orientation sessions at the center.  Rivera alleges that his failure to attend these sessions was due to staff failing to notify him of the orientation schedule.  He further alleges that, despite his claim that he had not received notice of the mandatory training, he was found to have violated institutional rules and was re-committed to custody for six months.

Rivera recites that he appealed this parole revocation decision to the parole board, which affirmed the revocation decision.  Rivera then sought a petition for review from the Commonwealth Court, which was denied.  After fully, but unsuccessfully, challenging his parole revocation decision with the parole board and state court, Rivera filed the instant civil lawsuit, seeking declaratory and injunctive relief, as well as damages in excess of $100,000 for what he describes as the wrongful revocation of his parole.

## III.   DISCUSSION

As noted above, after undertaking a review of the fully briefed Motion to Dismiss filed by Defendants, Magistrate Judge Carlson recommends that the Motion be granted.  Specifically, Magistrate Judge Carlson concludes that Rivera's complaint fails to state a claim upon which relief may be granted.   The Magistrate Judge reasons that Rivera's claim, brought pursuant to 42 U.S.C. § 1983, must fail because Rivera did not prevail in the underlying criminal case.

Upon our review of the R&R and the objections thereto, we come to the same inevitable conclusion as Magistrate Judge Carlson.  This civil rights action must fail because it rests on a fatally flawed legal premise.  Rivera seeks to bring this action based on claims of constitutional violations arising out of a state parole revocation which has not otherwise been set aside or overturned.  This he cannot do. It is well-settled that an essential element of a civil rights claim of this type is that the underlying criminal case *must* have been terminated in favor of the civil rights claimant.  *See Hector v. Watt*, 235 F. 3d 154, 155-56 (3d Cir. 2000)(citing *Heck v. Humphrey*, 512 U.S. 477 (1994))(an inmate's claim cannot proceed if one of the elements of malicious prosecution - that the criminal proceedings must have terminated in the plaintiff's favor– is missing).  Furthermore, the Third Circuit has specifically extended the rationale in *Heck* to prisoner challenges to parole revocation decisions.  *See Williams v. Consovoy*, 453 F. 3d 173, 177 (3d Cir.

6

2006)("[B]ecause the Parole Board's decision has not been rendered invalid, [the plaintiff] may not attack it via a § 1983 action . . ."). Thus it is evident and inescapable that because Plaintiff's state parole revocation proceeding did not terminate favorably for him, that he may not maintain a 42 U.S.C. § 1983 action arising out of that set of circumstances. As such, we shall adopt the Magistrate Judge's R&R in its entirety. An appropriate Order shall issue.